FILED
8/8/2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG LAWRENCE, and <br> ALBERTO HINOJOSA, <br>                       Plaintiffs, <br><br> vs. <br><br> CITY OF CHICAGO, <br> Chicago Police Officers <br> NICOLAS GARCIA, Star 9358, <br> RUBEN MARTINEZ JR., Star 19547, <br> SERGIO ESCOBEDO, Star 11634, <br> RICHARD MAHER, Star 1478, and <br> JOSE MARQUEZ, <br>                       Defendants. | No. 11 C 67 <br><br> Judge Zagel <br> Magistrate Judge Gilbert <br><br> Jury Demand |

**FIRST AMENDED COMPLAINT**

      1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

      2.      Jurisdiction for Plaintiffs' federal claims are based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs' state claims are based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

      3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

      4.      Plaintiff Craig LAWRENCE is a resident of Arlington Heights, Illinois.

      5.      Plaintiff ALBERTO HINOJOSA is a resident of Chicago.

      6.      Defendant-Officers NICOLAS GARCIA, RUBEN MARTINEZ JR., SERGIO ESCOBEDO, and RICHARD MAHER are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

9. Defendant JOSE MARQUEZ is a resident of Chicago.

**Facts**

10. On or about May 13, 2010, at approximately 5:00 p.m., Plaintiffs CRAIG LAWRENCE and ALBERTO HINOJOSA were investigating the theft of a vehicle owned by HINOJOSA.

11. HINOJOSA hired LAWRENCE, a licensed private investigator, to locate the vehicle.

12. LAWRENCE is licensed with the State of Illinois to carry a weapon while working.

13. Through investigation, LAWRENCE located HINOJOSA's vehicle parked in a driveway at 2337 South Millard Avenue in Chicago.

14. LAWRENCE, HINOJOSA and HINOJOSA's friend, Jose Nava, went to 2337 South Millard to get the vehicle back.

15. LAWRENCE spoke with residents at 2337 South Millard regarding the vehicle.

16. The residents told LAWRENCE that Defendant JOSE MARQUEZ rents the driveway where the vehicle was located.

17. LAWRENCE contacted MARQUEZ and told MARQUEZ that he is a private investigator investigating the ownership of the vehicle parked at 2337 South Millard.

18. MARQUEZ agreed to meet LAWRENCE at 2337 South Millard to speak with LAWRENCE about the vehicle.

19. When MARQUEZ arrived, LAWRENCE questioned him about where and how he obtained the vehicle.

20. When MARQUEZ would not give LAWRENCE a straight answer or produce documents related to the vehicle, LAWRENCE told MARQUEZ that he was going to call the

police.

21. MARQUEZ told LAWRENCE not to call the police and that he would drive home and get the documentation for the vehicle.

22. LAWRENCE told MARQUEZ that he would follow him back to MARQUEZ's home.

23. Prior to leaving 2337 South Millard, LAWRENCE called 911 and reported that he needed police assistance because he had located a stolen vehicle.

24. LAWRENCE told HINOJOSA and Nava to stay at 2337 South Millard and wait for the police while he followed MARQUEZ back to MARQUEZ's home.

25. LAWRENCE got into his vehicle and followed MARQUEZ to his home.

26. LAWRENCE could see MARQUEZ talking with someone on his cellular phone while en route to MARQUEZ's home.

27. When they arrived at MARQUEZ's home, MARQUEZ got out of his vehicle and handed LAWRENCE his cellular phone.

28. MARQUEZ told LAWRENCE to talk with the individual on the phone.

29. LAWRENCE took the phone from MARQUEZ and spoke with the individual on the phone.

30. Upon information and belief, the individual on the phone was Defendant SERGIO ESCOBEDO, a Chicago police officer.

31. ESCOBEDO asked LAWRENCE who he was and what he was doing.

32. LAWRENCE told ESCOBEDO that he was a private investigator and was investigating a stolen vehicle.

33. LAWRENCE then told ESCOBEDO that he had called the police.

34. ESCOBEDO told LAWRENCE "good," and LAWRENCE gave the phone back to MARQUEZ.

35. MARQUEZ spoke to ESCOBEDO in Spanish and ended the phone call.

36. MARQUEZ told LAWRENCE that he would meet him back at 2337 South Millard with his paper work for the vehicle.

37. MARQUEZ got back into his vehicle and started driving back toward 2337 South

Millard.

38. LAWRENCE followed MARQUEZ back towards 2337 South Millard.

39. MARQUEZ did not go straight back to 2337 South Millard.

40. LAWRENCE went back to 2337 South Millard to speak with the police that he had called.

41. When LAWRENCE got back to 2337 South Millard, HINOJOSA told LAWRENCE that a Chicago police car had responded to the 911 call but left without taking a report.

42. A short time later, Defendant RICHARD MAHER , a Chicago police sergeant working beat 1010, arrived at 2337 South Millard.

43. MAHER asked LAWRENCE what was going on.

44. LAWRENCE explained to MAHER that he was a private investigator and was investigating a stolen vehicle.

45. MARQUEZ arrived back at 2337 South Millard with ESCOBEDO in his vehicle.

46. ESCOBEDO had his Chicago police uniform on under a sweatshirt.

47. At this time, Defendants GARCIA and MARTINEZ arrived at 2337 South Millard in a marked Chicago police car.

48. ESCOBEDO got out of MARQUEZ's vehicle and spoke with MAHER.

49. MAHER again asked what LAWRENCE was doing and asked LAWRENCE to produce his identification.

50. LAWRENCE provided his identification and all of his credentials to MAHER.

51. At this time, LAWRENCE, HINOJOSA, and Nava observed ESCOBEDO, GARCIA and MARTINEZ speaking with MARQUEZ.

52. ESCOBEDO told MARQUEZ to claim that LAWRENCE said he was a police officer in order to manufacture false charges against Plaintiffs.

53. Neither LAWRENCE nor HINOJOSA told MARQUEZ that they were police officers.

54. GARCIA and MARTINEZ walked over to LAWRENCE and informed him that he was under arrest.

55. One of the Defendant-Officers handcuffed LAWRENCE and took his gun.

56. One of the Defendant-Officers handcuffed HINOJOSA.

57. The Defendant-Officers told LAWRENCE and HINOJOSA that they were under arrest for impersonating police officers.

58. There was not probable cause or any other legal justification to arrest Plaintiffs for impersonating police officers.

59. LAWRENCE and HINOJOSA were transported to the 10th District police station.

60. LAWRENCE and HINOJOSA were interrogated by detectives.

61. LAWRENCE and HINOJOSA explained what they were doing and that they never claimed to be police officers

62. LAWRENCE told the detectives that he had called 911 and requested the police.

63. Upon information and belief, the detectives listened to LAWRENCE's call to 911.

64. After listening to the 911 call, the detective informed LAWRENCE and HINOJOSA that they would not charge them with impersonating police officers.

65. HINOJOSA was released from custody.

66. GARCIA signed a complaint alleging that LAWRENCE was carrying a weapon in violation of 720 ILCS 5/24-3.1. The case was docketed in the Cook County Circuit Court as: People v. Craig Lawrence, 10231167.

67. LAWRENCE was not in violation of 720 ILCS 5/24-3.1.

68. On June 2, 2010, the charge against LAWRENCE was Nolled.

69. On June 30, 2010, LAWRENCE's weapon was finally returned.

70. Defendants ESCOBEDO, MAHER, GARCIA, MARTINEZ, and MARQUEZ conspired and acted together to falsely arrest LAWRENCE and HINOJOSA without probable cause or legal authority.

71. After HINOJOSA and LAWRENCE were released, they went back to 2337 South Millard.

72. HINOJOSA's vehicle was no longer there.

73. Each individual Defendant acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

74. Each individual Defendant personally participated in the unlawful conduct, and acted jointly and in concert with the other Defendants who participated or acquiesced in the unlawful conduct.

75. As a direct and proximate result of the acts of the Defendants described above, Plaintiffs suffered damages including loss of physical liberty, emotional distress, and pecuniary damages including attorneys' fees.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest)

76. Plaintiff CRAIG LAWRENCE realleges paragraphs 1 through 75 as if fully set forth herein.

77. Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ arrested LAWRENCE.

78. Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ did not have an arrest warrant, probable cause, or any other legal justification to arrest LAWRENCE.

79. The arrest of LAWRENCE without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff CRAIG LAWRENCE asks that this Honorable Court:

a) Enter judgment against Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

80. Plaintiff CRAIG LAWRENCE realleges paragraphs 1 through 75 as if fully set forth herein.

81. While LAWRENCE was subjected to a false arrest as described above, Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ had an opportunity to intervene, but chose not to intervene.

82. Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ were deliberately indifferent to LAWRENCE's right to be free from unreasonable seizures.

WHEREFORE, Plaintiff CRAIG LAWRENCE ask that this Honorable Court:

a) Enter judgment against Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – False Arrest)

83. Plaintiff ALBERTO HINOJOSA realleges paragraphs 1 through 75 as if fully set forth herein.

84. Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ arrested HINOJOSA.

85. Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ did not have an arrest warrant, probable cause, or any other legal justification to arrest HINOJOSA.

86. The arrest of HINOJOSA without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff ALBERTO HINOJOSA asks that this Honorable Court:

a) Enter judgment against Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

87. Plaintiff ALBERTO HINOJOSA realleges paragraphs 1 through 75 as if fully set forth herein.

88. While HINOJOSA was subjected to a false arrest as described above, Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ had an opportunity to intervene, but chose not to intervene.

89. Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ were deliberately indifferent to HINOJOSA's right to be free from unreasonable seizures.

WHEREFORE, Plaintiff ALBERTO HINOJOSA asks that this Honorable Court:

a) Enter judgment against Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – Civil Conspiracy)

90. Plaintiffs reallege paragraphs 1 through 75 as if fully set forth herein.

91. Defendants ESCOBEDO, MAHER, GARCIA, MARTINEZ, and MARQUEZ worked together in a common plan to falsely arrest Plaintiffs

92. Plaintiffs suffered harm and injury as a result of Defendants ESCOBEDO, MAHER, GARCIA, MARTINEZ, and MARQUEZ's conspiracy to deprive them of their constitutional rights.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendants ESCOBEDO, MAHER, GARCIA, MARTINEZ, and MARQUEZ,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for False Arrest)

93. Plaintiff CRAIG LAWRENCE realleges paragraphs 1 through 75 as if fully set forth herein.

94. Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ arrested LAWRENCE without probable cause.

WHEREFORE, Plaintiff CRAIG LAWRENCE asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law Claim for False Arrest)

95. Plaintiff ALBERTO HINOJOSA realleges paragraphs 1 through 75 as if fully set forth herein.

96. Defendant-Officers ESCOBEDO, MAHER, GARCIA and MARTINEZ arrested HINOJOSA without probable cause.

WHEREFORE, Plaintiff ALBERTO HINOJOSA asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (State Law Claim for Malicious Prosecution)

97.  Plaintiff CRAIG LAWRENCE realleges paragraphs 1 through 75 as if fully set forth herein.

98.  Defendant-Officer GARCIA signed a complaint alleging that LAWRENCE was carrying a weapon in violation of 720 ILCS 5/24-3.1.

99.  There was not probable cause for such charges.

100.  The charges were terminated in a manner favorable to LAWRENCE.

WHEREFORE, Plaintiff CRAIG LAWRENCE asks that this Honorable Court:

a)  Enter judgment against Defendant-Officer GARCIA,

b)  Award Plaintiff compensatory and punitive damages,

c)  Award costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT IX
### (State Law *Respondeat Superior* Claim)

101.  The acts of the Defendant-Officers described in the above state-law claims for false arrest, and malicious prosecution were willful and wanton, and committed in the scope of employment.

102.  Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT X
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

103.  The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

104.  Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY

OF CHICAGO is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

 WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

 **Jury Trial Demanded**

                 Respectfully submitted,

                 /s/ Louis J. Meyer
                 *Counsel for the Plaintiffs*

Louis J. Meyer
Meyer & Kiss, LLC
53 West Jackson Blvd., Suite 856
Chicago, Illinois 60604
(312) 765-0100