UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALBERTO HINOJOSA,

    Plaintiff,

    v.

CITY OF CHICAGO, Chicago Police
Officers NICOLAS GARCIA, Star 9358,
RUBEN MARTINEZ JR., Star 19547,
SERGIO ESCOBEDO, Star 11634,
RICHARD MAHER, Star 1478, and JOSE
MARQUEZ

    Defendants.

No. 11 C 0067
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Alberto Hinojosa has brought this action against the City of Chicago, Sergeant Richard Maher, Officers Nicolas Garcia, Ruben Martinez, Jr., and Sergio Escobedo, and Jose Marquez for various civil rights violations under 42 U.S.C. § 1983 including false arrest, failure to intervene and civil conspiracy, as well as related state law claims. Craig Lawrence, initially an additional plaintiff in this action, has since voluntarily dismissed his claims, which were Counts I, II, VI and VII of the First Amended Complaint. Defendants now move for summary judgment as to Sergeant Maher on Counts III, IV, V, VII, IX, and X. In a separate motion, defendant Jose Marquez moves for summary judgment as to Count V. For the following reasons, summary judgment as to Sergeant Maher is granted, and summary judgment as to Jose Marquez is denied.

### BACKGROUND

Mssrs. Hinojosa and Lawrence were both arrested on May 13, 2010 for impersonating a police officer. That day, Mr. Hinojosa had hired Mr. Lawrence, a private investigator, to help him find his vehicle, which Mr. Hinojosa believed had been stolen. The two men soon found

what they believed to be Mr. Hinojosa's vehicle sitting on a driveway at 2337 South Millard Avenue in Chicago. They determined that the driveway was being rented by Mr. Marquez, obtained his phone number, and called him. What was said on the phone is in dispute, but Mr. Marquez soon arrived at the driveway and, upon being asked to produce proof of ownership of the vehicle, then agreed to drive home to get the vehicle's title papers.

While driving home, Mr. Marquez called his friend, Officer Escobedo, for advice and assistance. What was said between the two men is also in dispute, but Mr. Marquez then drove to pick up Officer Escobedo, and they both returned to 2337 S. Millard Avenue.

About the time that Mr. Marquez and Officer Escobedo returned to the driveway, Officers Maher, Garcia and Martinez also arrived on the scene. Exactly what prompted the presence of these officers is in dispute. Plaintiff contends that Officer Maher, and through him Officers Garcia and Martinez, arrived on the scene in response to a 911 call from Mr. Lawrence asking for police assistance with a stolen vehicle investigation. Defendants contend that the three officers arrived on the scene in response to an anonymous "hand-waver's" report that a man was impersonating a police officer at that address.

The remainder of the narrative is largely in dispute as well. Citing, *inter alia*, the hand-waver's report and Plaintiffs' attire,[1] Defendants claim to have had probable cause to arrest both Plaintiff and Mr. Lawrence for impersonating a police officer. Plaintiff, on the other hand, contends that he overheard Officers Escobedo, Garcia and Martinez converse with Mr. Marquez in Spanish and devise a plan wherein Mr. Marquez would accuse Plaintiff and Mr. Lawrence of impersonating police officers. In so doing, Mr. Marquez would create a pretext for the officers to take Plaintiff and Mr. Lawrence into custody, thereby diverting attention away from Mr.

---

[1] Defendants assert that Mr. Lawrence was wearing a shirt and slacks, and had a gun, a badge and a clipboard. Defendants assert that Mr. Hinojosa was "dressed professionally," with a trench coat and a hat that appeared to Mr. Marquez to be a security officer hat. Defendants do not claim that either man was in uniform.

Marquez and the purportedly stolen vehicle. Plaintiff contends that Officer Maher, who does not speak Spanish, did not participate in the conversation, but, as the supervising officer on the scene, approved the arrest either knowing or recklessly disregarding that it was a sham.

In any event, Plaintiff and Mr. Lawrence were indeed arrested and transported to the 10th District police station. They were released approximately four and a half hours later after questioning. In the end, neither individual was charged with impersonating a police officer.

## DISCUSSION

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.,* 259 F.3d 619, 625 (7th Cir. 2001).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley,* 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.,* 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-movant's favor. *Lesch v. Crown Cork & Seal Co.,* 282 F.3d 467, 471 (7th Cir. 2002). I will accept the non-moving party's

3

version of any disputed fact, however, only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir. 1996).

During the course of briefing, Defendants withdrew their summary judgment motion as to Officers Escobedo, Martinez and Garcia. This was a sensible decision, as there remain in this case clear questions of material fact with respect to the alleged liability of these individuals. Defendants did not, however, withdraw their motion as to Officer Maher. This, too, was a sensible decision.

> [T]o be liable [under § 1983] for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what he might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

With respect to Officer Maher, Plaintiff has not offered sufficient specific facts showing that there is a genuine issue for trial. To the contrary, Plaintiff's argument is largely conclusory, and the facts to which he cites are insufficiently specific. Plaintiff asserts that Officer Maher spoke with both Plaintiff and Mr. Lawrence; he asserts that Officer Maher spoke with the other officers and was advised that Officer Escobedo knew Mr. Marquez; and he asserts that Officer Maher was the supervising officer on the scene, that he had authority to approve the arrest, and that he gave such authorization.

Plaintiff argues that these assertions create a triable issue of fact. Officer Maher, Plaintiff urges, was aware of the alleged scheme, facilitated it, and gave it at least tacit approval. But such inferences rely far too much on "mere speculation [and] conjecture." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).

4

While Plaintiff contends that Officer Maher was "more than just 'present' at the scene," the specific facts to which Plaintiff points show little more than that. Even if Plaintiff's allegations as to the other officers are true, Plaintiff has shown no specific facts to suggest that those officers disclosed the scheme to Officer Maher. Nor has Plaintiff shown any specific facts to suggest that Officer Maher deliberately or recklessly turned a blind eye to the possibility of such a scheme. This is insufficient to withstand Sergeant Maher's summary judgment attack on the complaint.

Mr. Marquez moves for summary judgment as to Count V of the First Amended Complaint, the civil conspiracy charge. Mr. Marquez, however, has simply alleged the same version of the facts set forth by the other defendant officers. If the parties agreed that the events transpired as he claims, Mr. Marquez (and the defendant officers as well) would have a very strong argument for summary judgment. But, in contrast with Plaintiff's allegations in connection with Sergeant Maher, Plaintiff has contested the veracity of *this* story with definite, specific facts sufficient to defeat summary judgment. Because there are genuine questions of material fact at issue with respect to Mr. Marquez, his motion cannot succeed.

## CONCLUSION

For the foregoing reasons, summary judgment is granted as to Sergeant Maher and denied as to Mr. Marquez.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: May 30, 2013